IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03744-CNS

JOSE ANGEL CRUZ VALERA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center;
ROBERT HAGAN, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement;
TODD LYONS, in his official capacity, as Acting Director, Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security and
PAM BONDI, in her official capacity as Attorney General of the United States,

      Respondents.

---

## ORDER

---

Before the Court is Petitioner Jose Angel Cruz Valera's Petition for Writ of Habeas Corpus and Complaint For Declaratory and Injunctive Relief. ECF No. 1. Defendants responded in opposition. ECF No. 7. As the briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge, *see* 28 U.S.C. § 2243, and, for the reasons outlined below, the Court GRANTS the petition. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 4, 8.

1

## I.    BACKGROUND

This case presents a now familiar factual background and legal posture. Petitioner is a citizen of Mexico, ECF No. ECF No. 1 ¶ 1, and arrived in the United States on or about 2004, *id.* ¶ 2. Having lived in the United States for many years, *id.* 1 ¶ 14, Petitioner has numerous community ties through his friends and family, "including his three U.S. [c]itizen children," one of whom has a medical condition that requires additional care and attention, *id.* ¶ 82; *see also* ECF No. 8 at 9.

In 2015, Petitioner was convicted of misdemeanor Reckless Endangering in Wyoming and sentenced to one year in jail. ECF No. 7-1 ¶ 5. In June 2016, Petitioner was released from state custody and taken into custody by Immigration and Customs Enforcement (ICE). *Id.* ¶ 7. The Department of Homeland Security (DHS) ICE issued a Notice to Appear (NTA), initiating Petitioner's removal proceedings under 8 U.S.C. § 1229a, and charging him with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 8. Shortly thereafter, on July 5, 2016, an Immigration Judge (IJ) granted Petitioner a $15,000 bond pursuant to 8 U.S.C. § 1226(a) and released him from immigration custody. ECF No. 1 ¶ 4; *see also* ECF No. 1-2 at 6–7 (Petitioner's DHS ICE "Immigration Bond" form and receipt of bond payment).

On or about November 3, 2017, Petitioner filed applications with the Executive Office for Immigration Review (EOIR) seeking cancellation of removal, withholding of removal, and other relief. ECF No. 7-1 ¶ 12; *see also* ECF No. 1 ¶ 60. Petitioner subsequently withdrew his applications for Asylum and Cancellation of Removal, and in June 2023, the IJ denied Petitioner's application for Withholding of Removal and ordered

him removed to Mexico. ECF No. 7-1 ¶ 13; *see also* ECF No. 1 ¶ 61. In July 2023, Petitioner timely appealed the IJ's removal decision to the Board of Immigration Appeals (BIA). ECF No. 7-1 ¶ 14. Petitioner's appeal to the BIA remains pending, ECF No. 1 ¶ 12, ECF No. 7-1 ¶ 17, and in September 2025, DHS ICE provided Petitioner with employment authorization to work in the United States through September 4, 2030. ECF No. 1 ¶ 12 (citing ECF No. 1-2 at 25 (Form I-797C, Notice of Action from DHS ICE, regarding Petitioner's Application for Employment Authorization).

Petitioner represents that he "did not violate the terms of his release and has not committed any criminal offenses since his release in 2016." ECF No. 1 ¶ 55. Despite that, on October 5, 2025, Petitioner was taken into custody by ICE, citing the IJ's 2023 order that Petitioner be removed to Mexico, and, according to the sworn statement submitted by Michael Ketels, the ICE Deportation Officer assigned to Petitioner's case, *see* ECF No. 7-1 ¶ 1, "ICE cancelled [P]etitioner's bond." *Id.* ¶ 15. Petitioner was initially held at the Sweetwater County Jail in Rock Springs, Wyoming, until ICE transferred him to the ICE Contract Detention Facility in Aurora, Colorado (Denver CDF), on October 10, 2025, *id.* ¶ 15, where Petitioner is currently held.

Petitioner filed this petition seeking habeas relief and requesting that the Court enter an order either immediately releasing him or requiring that Respondents provide Petitioner with a bond hearing withing seven days. ECF No. 1 at 18.

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525

(2004) (citing U.S. Const., Art I, § 9, cl. 2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sept. 3, 2025) ("Under 28 U.S.C. § 2241, federal courts have jurisdiction to order the release of a prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'") (citing 28 U.S.C. § 2241(c)(3)). "This includes challenges to immigration-related detention." *Carrillo Fernandez v. Knight*, No. 2:25-CV-02221-RFB-BNW, 2025 WL 3485800, at *4 (D. Nev. Dec. 4, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    ANALYSIS

As noted above, the legal issues presented here have been recently litigated before and decided by this Court, as well as many other courts across the country. These cases concern noncitizens like Petitioner who, despite living in the United States for decades, are being held in immigration-related detention and denied bond hearings following the government's recent reinterpretation of 8 U.S.C. §§ 1225, 1226 of the

Immigration and Nationality Act (INA). The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial district. *Compare* ECF Nos. 1, 7, 8 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Nava Hernandez v. Baltazar, et al.*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Moya Pineda v. Baltazar, et al.*, No. 1:25-cv-2955-GPG, ECF No. 21 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), --- F.Supp.3d ----, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025).

As in other cases, Respondents here argue that Petitioner's requested relief should be denied because Petitioner, who entered the United States without inspection and remained in the country without being admitted, is properly subject to § 1225(b)(2)(A)'s mandatory detention provision as an "applicant for admission" to the United States. ECF No. 7 at 2. Respondents' arguments do not persuade the Court that it should deviate from its prior determination that § 1225(b)(2)(A) and its mandatory detention requirement do not apply to noncitizens, like Petitioner, who have been present in the United States for over two decades. *See, e.g.*, *Nava Hernandez*, 2025 WL 2996643, at *4 ("the plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing in the United States for more than two years") (quotations and citations omitted). And other than relying on the government's sudden and unsupported reinterpretation § 1225(b)(2)(A)'s mandatory detention provisions, Respondents provide no authority to support Petitioner's mandatory detention. Accordingly, the Court adopts its reasoning previously articulated in *Nava Hernandez* and finds that Petitioner should instead be detained pursuant to § 1226(a). *See generally id.*; *see also Espinoza Ruiz*, 2025 WL 3294762, at *2 (discussing "the proper application of §§ 1225 and 1226" as articulated by the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

However, unlike other recent noncitizen petitioners who have come before this Court following their improper mandatory detention under § 1225(b)(2)(A), the Court finds that different relief is warranted here. In those cases, which sought habeas relief on similar

grounds, the Court ordered Respondents to provide the noncitizen petitioners with a bond hearing before an IJ, as required under § 1226(a). *See, e.g.*, *Espinoza Ruiz*, 2025 WL 3294762, at *2; *Arauz*, 2025 WL 3041840, at *5; *Nava Hernandez*, 2025 WL 2996643, at *8; *Garcia Cortes*, 2025 WL 2652880, at *5. But here, Petitioner has already received a bond hearing, and an IJ released Petitioner on $15,000 bond, which Petitioner paid in 2016. *See* ECF No. 1 ¶ 4; ECF No. 1-2 at 6–7. Petitioner represents (and Respondents do not appear to dispute), that he "did not violate the terms of his release and has not committed any criminal offenses since his release in 2016." ECF No. 1 ¶ 55. Moreover, while released on bond, Petitioner recently received work authorization in the United States from the same agencies that now seek his continued, unlawful detention. *See* ECF No. 1-2 at 25 (Form I-797C from DHS ICE providing Petitioner with authorization to work in the United States through September 4, 2030). Despite this, ICE cancelled the bond Petitioner previously received from an IJ and improperly detained Petitioner nine years after he was released. *See* ECF No. 1-1 ¶¶ 1, 15.

In this situation, ordering Respondents to provide Petitioner with a bond hearing would not address Petitioner's injury because, until then, he would remain in "continued detention despite a determination from an immigration judge" that already "order[ed] his release on bond." *Garcia-Arauz*, 2025 WL 3470902, at *9. As other courts have found, a noncitizen's injury arising out of similar circumstances may be "remedied by granting immediate release subject to the conditions set by the IJ." *Id.* at *9 (granting a noncitizen's immediate release from mandatory immigration detention subject to the IJ's previously imposed conditions of bond); *see also, e.g.*, *Carrillo Fernandez*, 2025 WL 3485800, at

*3, *8 (granting petitioner's writ of habeas corpus and ordering petitioner's immediate release detention under § 1226(a) after an IJ previously ordered petitioner released on bond); *Escobar Salgado*, 2025 WL 3205356, at *26 (ordering one noncitizen petitioner's immediate release and reasoning that he "faces the specific harm of being deprived of his opportunity to be released on bond" given that an IJ had previously ordered him released, subject to bond conditions, under § 1226(a)); *Ramos*, 2025 WL 3063588, at *9 (ordering the immediate release of a noncitizen and finding that the noncitizen was "unlawfully detained under § 1225(b)(2)" despite having been previously released on bond under § 1226(a)). This Court agrees.

Accordingly, because Petitioner is being held "'is in custody in violation of the Constitution or laws or treaties of the United States,'" *Sarail*, 2025 WL 2533673, at *2, the Court grants the petition and orders Petitioner's immediate release.[1]

### IV.    CONCLUSION

For the reasons discussed above, Petitioner's Petition for Writ of Habeas Corpus and Complaint For Declaratory and Injunctive Relief, ECF No. 1, is GRANTED. Respondents are ORDERED to release Petitioner from custody no later than **7:00 p.m. on December 5, 2025**. Petitioner shall be subject to the bond and other conditions previously imposed by the IJ. IT IS FURTHER ORDERED that that the parties shall file a

---

[1] Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time. *See Loa Caballero*, 2025 WL 2977650, at *8 (declining to rule on petitioner's remaining claims after granting petitioner all relief sought under § 1226(a)); *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2809996, at *3 (D. Mass. Oct. 3, 2025) (declining to address petitioner's due process and APA arguments after finding in petitioner's favor on statutory claim).

joint status report on or before **December 8, 2025**, confirming that Petitioner has been released in compliance with this order.

DATED this 5th day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge